MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

--------------------------------------------------------X

FABIO CORTES BOLIVAR, *individually and on behalf of others similarly situated,*

                      *Plaintiff,*

-against-

G & J READY MIX & MASONRY SUPPLY, INC (D/B/A SUPREME BUILDER A/K/A GREEN READY MIX), SUNNY BUILDERS NY CORP. (D/B/A SUNNY BUILDER), GREEN READY MIXX LLC, (D/B/A GREEN READY MIX), GURDIAL SINGH, and TALWINDER SINGH PARMAR,

                      *Defendants.*

--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Fabio Cortes Bolivar ("Plaintiff Cortes" or "Mr. Cortes"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against G & J READY MIX & MASONRY SUPPLY, INC (D/B/A SUPREME BUILDER A/K/A GREEN READY MIX), SUNNY BUILDERS NY CORP. (D/B/A SUNNY BUILDER), GREEN READY MIXX LLC, (D/B/A GREEN READY MIX) ("Defendant Corporations"), GURDIAL SINGH and TALWINDER SINGH PARMAR, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1. Plaintiff Cortes is a former employee of Defendants G & J READY MIX & MASONRY SUPPLY, INC (D/B/A SUPREME BUILDER A/K/A GREEN READY MIX),

SUNNY BUILDERS NY CORP. (D/B/A SUNNY BUILDER), GREEN READY MIXX LLC, (D/B/A GREEN READY MIX) GURDIAL SINGH , and TALWINDER SINGH PARMAR .

2. Defendants own, operate, or control a construction company, located at 183-30 Jamaica Avenue, Hollis, NY 11423 under the name "Supreme builders (a/k/a Green ready Mix).".

3. Upon information and belief, individual Defendants GURDIAL SINGH and TALWINDER SINGH PARMAR , serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the construction company as a joint or unified enterprise.

4. Plaintiff Cortes was employed as a truck driver at the construction company located at 183-30 Jamaica Avenue, Hollis, NY 11423.

5. At all times relevant to this Complaint, Plaintiff Cortes worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Cortes appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Defendants' conduct extended beyond Plaintiff Cortes to all other similarly situated employees.

8. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Cortes and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

9. Plaintiff Cortes now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10. Plaintiff Cortes seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Cortes's state law claims under 28 U.S.C. § 1367(a).

12. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a construction company located in this district. Further, Plaintiff Cortes was employed by Defendants in this district.

## PARTIES

*Plaintiff*

13. Plaintiff Fabio Cortes Bolivar ("Plaintiff Cortes" or "Mr. Cortes") is an adult individual residing in Queens County, New York.

14. Plaintiff Cortes was employed by Defendants at "Supreme builders (a/k/a Green ready Mix)" from approximately September 2017 until on or about May 21, 2021.

15. Plaintiff Cortes consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16. At all relevant times, Defendants owned, operated, or controlled a construction company, located at 183-30 Jamaica Avenue, Hollis, NY 11423 under the name "Supreme builders (a/k/a Green ready Mix).".

17. Upon information and belief, G & J READY MIX & MASONRY SUPPLY, INC (D/B/A SUPREME BUILDER A/K/A GREEN READY MIX), is a domestic Corporations organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 183-30 Jamaica Avenue, Hollis, NY 11423.

18. Upon information and belief, SUNNY BUILDERS NY CORP. (D/B/A SUNNY BUILDER) is a domestic Corporations organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 183-30 Jamaica Avenue, Hollis, NY 11423.

19. Upon information and belief, GREEN READY MIXX LLC, (D/B/A GREEN READY MIX) is a domestic Corporations organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 183-30 Jamaica Avenue, Hollis, NY 11423.

20. Defendant GURDIAL SINGH is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant GURDIAL SINGH is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant GURDIAL SINGH possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Cortes, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21. Defendant TALWINDER SINGH PARMAR is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant TALWINDER SINGH PARMAR is sued individually in his capacity as manager of Defendant Corporations. Defendant TALWINDER SINGH PARMAR possesses operational control over Defendant Corporations, and controls significant functions of Defendant Corporations. He

determines the wages and compensation of the employees of Defendants, including Plaintiff Cortes, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22.  Defendants operate a construction company located in the Hollis section of Queens in New York.

23.  Individual Defendants, GURDIAL SINGH and TALWINDER SINGH PARMAR, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

24.  Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25.  Each Defendant possessed substantial control over Plaintiff Cortes's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Cortes, and all similarly situated individuals, referred to herein.

26.  Defendants jointly employed Plaintiff Cortes (and all similarly situated employees) and are Plaintiff Cortes's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27.  In the alternative, Defendants constitute a single employer of Plaintiff Cortes and/or similarly situated individuals.

28.  Upon information and belief, Individual Defendant GURDIAL SINGH operates Defendant Corporations as either alter egos of himself and/or fails to operate Defendant Corporations as entities legally separate and apart from himself, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for his own benefit as the sole or majority shareholder,

e) operating Defendant Corporations for his own benefit and maintaining control over these Corporations as closed Corporations,

f) intermingling assets and debts of his own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

29. At all relevant times, Defendants were Plaintiff Cortes's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Cortes, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Cortes's services.

30. In each year from 2017 to 2021, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the construction company on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32. Plaintiff Cortes is a former employee of Defendants who was employed as a truck driver.

33. Plaintiff Cortes seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Fabio Cortes Bolivar*

34. Plaintiff Cortes was employed by Defendants from approximately September 2017 until on or about May 21, 2021.

35. Defendants employed Plaintiff Cortes as a truck driver.

36. Plaintiff Cortes regularly handled goods in interstate commerce that were produced outside the State of New York.

37. Plaintiff Cortes's work duties required neither discretion nor independent judgment.

38. Throughout his employment with Defendants, Plaintiff Cortes regularly worked in excess of 40 hours per week.

39. From approximately September 2017 until on or about December 2020, Plaintiff Cortes worked two weeks each month from approximately 5:00 a.m. until on or about 4:00 p.m. or 5:00 p.m., 5 days a week (typically 50 to 55 hours per week).

40. From approximately August 2016 until on or about October 2016, Plaintiff Cortes worked from approximately 4:00 a.m. or 6:00 a.m. until on or about 4:00 p.m. or 6:00 p.m., 5 days a week and from approximately 4:00 a.m. or 6:00 a.m. until on or about 4:00 p.m. or 6:00 p.m., one extra day 2 weeks per month (typically 60 to 72 hours per week).

41. From approximately September 2017 until on or about December 2020, Plaintiff Cortes worked two weeks each month from approximately 5:00 a.m. until on or about 4:00 p.m. or 5:00 p.m., 6 days a week (typically 60 to 66 hours per week).

42. From approximately January 2021 until on or about May 2021, Plaintiff Cortes worked from approximately 5:00 a.m. until on or about 4:00 p.m. to 5:00 p.m., 6 days a week (typically 60 to 66 hours per week).

43. Throughout his employment, Defendants paid Plaintiff Cortes his wages in a combination of check and cash.

44. From approximately September 2017 until on or about May 21, 2021, Defendants paid Plaintiff Cortes a fixed salary of $300 per day.

45. Defendants never granted Plaintiff Cortes any breaks or meal periods of any kind.

46. Plaintiff Cortes was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

47. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Cortes regarding overtime and wages under the FLSA and NYLL.

48. Defendants did not provide Plaintiff Cortes an accurate statement of wages, as required by NYLL 195(3).

49. Defendants did not give any notice to Plaintiff Cortes, in English and in Spanish (Plaintiff Cortes's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

50. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Cortes (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate overtime compensation as required by federal and state laws.

51. Plaintiff Cortes was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

52. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

53. Defendants paid Plaintiff Cortes his wages in a combination of check and cash.

54. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

55. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Cortes (and similarly situated individuals) worked, and to avoid paying Plaintiff Cortes properly for his full hours worked.

56. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

57. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Cortes and other similarly situated former workers.

58. Defendants failed to provide Plaintiff Cortes and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

59. Defendants failed to provide Plaintiff Cortes and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by

the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

60.     Plaintiff Cortes brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

61.     At all relevant times, Plaintiff Cortes and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

62.     The claims of Plaintiff Cortes stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

63.     Plaintiff Cortes repeats and realleges all paragraphs above as though fully set forth herein.

64.     At all times relevant to this action, Defendants were Plaintiff Cortes's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards

Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Cortes (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

65. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

66. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

67. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Cortes (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

68. Defendants' failure to pay Plaintiff Cortes (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

69. Plaintiff Cortes (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS
## OF THE NEW YORK STATE LABOR LAW

70. Plaintiff Cortes repeats and realleges all paragraphs above as though fully set forth herein.

71. At all times relevant to this action, Defendants were Plaintiff Cortes's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Cortes, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

72. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Cortes overtime compensation

at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

73. Defendants' failure to pay Plaintiff Cortes overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

74. Plaintiff Cortes was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

75. Plaintiff Cortes repeats and realleges all paragraphs above as though fully set forth herein.

76. Defendants failed to provide Plaintiff Cortes with a written notice, in English and in Spanish (Plaintiff Cortes's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

77. Defendants are liable to Plaintiff Cortes in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

78. Plaintiff Cortes repeats and realleges all paragraphs above as though fully set forth herein.

79. With each payment of wages, Defendants failed to provide Plaintiff Cortes with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

80. Defendants are liable to Plaintiff Cortes in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Cortes respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Cortes and the FLSA Class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Cortes's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Cortes and the FLSA Class members;

(e) Awarding Plaintiff Cortes and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Cortes and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Cortes;

(h) Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Cortes;

(i) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Cortes's compensation, hours, wages and any deductions or credits taken against wages;

(j) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Cortes;

(k) Awarding Plaintiff Cortes damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable

(l) Awarding Plaintiff Cortes damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m) Awarding Plaintiff Cortes liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n) Awarding Plaintiff Cortes and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(o)     Awarding Plaintiff Cortes and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(p)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Cortes demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        August 13, 2021

                                        MICHAEL FAILLACE & ASSOCIATES, P.C.

                                By:     /s/ Michael Faillace
                                        Michael Faillace [MF-8436]
                                        60 East 42nd Street, Suite 4510
                                        New York, New York 10165
                                        Telephone: (212) 317-1200
                                        Facsimile: (212) 317-1620
                                        *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510　　　　　　　　　　　　　　　　　Telephone: (212) 317-1200
New York, New York 10165　　　　　　　　　　　　　　　　　　Facsimile: (212) 317-1620

---

Faillace@employmentcompliance.com

July 22, 2021

BY HAND

TO:　Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:　　　　　　　　　Fabio Cortes Bolivar

Legal Representative / Abogado:　　Michael Faillace & Associates, P.C.

Signature / Firma:　　　　　　　　*[signature]*

Date / Fecha:　　　　　　　　　　22 de Julio 2021