# CSM Legal, P.C.
Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510　　　　　　　　　　　　　　　　　Telephone: (212) 317-1200
New York, New York 10165　　　　　　　　　　　　　　　　　　Facsimile: (212) 317-1620
ramsha@csm-legal.com

November 28, 2022

**VIA ECF**
Honorable Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

　　　　　　　　　**Re:**　Cortes Bolivar er al. v. G & J Ready Mix & Masonry Supply, Inc. et al.
　　　　　　　　　　　　Index. No.: 21-cv-04574

Your Honor:

　　　This office represents the Plaintiff in the above referenced matter. We write jointly with Defendants' counsel to respectfully request that, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), the Court approve the parties' negotiated settlement agreement ("Agreement"), attached hereto as Exhibit A, and dismiss the case with prejudice.

　　　As set forth below, this Agreement represents a good faith effort between experienced labor and employment counsel to negotiate an action under the Fair Labor Standards Act ("FLSA") resulting in a settlement which provides Plaintiff with a satisfactory recovery of his damages under applicable law.

**Background**

　　　Plaintiff alleges that he was employed by the Defendants as a truck driver for Defendants' construction company located at 183-30 Jamaica Avenue, Hollis, New York, 11423. Plaintiff filed a Complaint against Defendants alleging unpaid overtime compensation; a failure to provide wage notices; and a failure to provide accurate wage statements along with liquidated damages, interest, attorneys' fees, and costs pursuant to, *inter alia*, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and applicable regulations. Plaintiff alleges that he is entitled to back wages of approximately $93,879.84 and that if he had recovered in full for his claims, exclusive of attorney's fees, he would be entitled to approximately $267,626.59. A copy of Plaintiff's damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B."

　　　Defendants deny the allegations in the Complaint, deny any wrongdoing, and deny any liability that might cause Plaintiff to be entitled to the above-claimed sums or any damages as a matter of law. Defendants strongly dispute Plaintiff's claimed violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

Specifically, Defendants contend that Plaintiff, who operated a truck exceeding 10,000 GVW in interstate commerce, was subject to the motor carrier exemption ("MCE"), precluding him from any overtime recovery whatsoever under FLSA or the NYLL. Defendants further contend that Plaintiff did not actually work hours exceeding forty (40) in any week, that his overtime claims are based on grossly overblown and inflated claims regarding his hours worked, and that Plaintiff's other claims are similarly lacking in merit. Defendants also submit that Plaintiff also lacks credibility or evidence to support his claims.

**Relevant Standard**

To determine whether a settlement is fair and reasonable, a court considers the totality of the circumstances, encompassing a range of factors including: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); *see also Beckert v. Rubinov*, No. 15–cv–1951, 2015 WL 6503832, at *1 (S.D.N.Y., Oct. 27, 2015). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (internal quotation marks and citation omitted).

**The Proposed Settlement is Fair and Reasonable**

With the assistance of a mediator experienced in helping resolve wage and hour matters, Giulio Zanolla, the Parties have agreed to settle this action for the total sum of $30,000.00. Pursuant to the Agreement, the initial payment shall be made thirty (30) days after the Court's approval of the Agreement and the dismissal of this action with prejudice. A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

The proposed settlement represents a reasonable compromise between the strengths and weaknesses of the Parties' respective positions. Having conferred with Defendants, it became clear that there were contested factual and legal disputes. Specifically, the parties disputed whether the motor carrier exemption applied to the instant action. The parties also disputed the number of hours the Plaintiff worked. Given the fact-intensive nature of the disputes, it is likely that substantive answers to these disputed issues would not be resolved until after significant discovery and motion practice, if not trial. Plaintiff understands that that should he continue to litigate his

claims, there is no guarantee he would recover what he believes he is owed. Based on these disputes the Parties engaged in good-faith, arm's length settlement negotiations, regarding not only Plaintiff's FLSA claims, but also his state law claims. Considering the prospect of protracted litigation and an uncertain result as well as the prospect of having to wait a substantial period of time for any recovery, Plaintiff feels that the Agreement represents a fair compromise.

In sum, there is a bona fide dispute between the Parties regarding the merits of Plaintiff's wage and hour claims. The instant settlement constitutes the Parties' effort to resolve same in an amicable fashion through arm's length bargaining. Considering the risks in this case outlined above, Plaintiff believes that this settlement is an excellent result, and should be approved as fair and reasonable. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

**Plaintiff's Attorneys' Fees are Fair and Reasonable**

Under the settlement, Plaintiff's counsel will receive $11,029.33 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation with costs, The remaining $18,970.67 is payable directly to the Plaintiff.

Plaintiff's counsel's lodestar in this case is $5,777.50 and Plaintiff's costs are $1,544.00. A copy of Plaintiff's billing record is attached as "Exhibit C." The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-cv-00105 (RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'— particularly where such settlement has provided Plaintiff with a substantial and speedy result.") (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-cv-08706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016)); *Shapiro v. JPMorgan Chase & Co.*, No. 11-cv-07961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15-cv-01324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff's attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit.")  In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).  Additionally, Plaintiff has already agreed to the fee provided for in the Agreement.

November 28, 2022
Page 4

Given Plaintiff's counsel's experience representing employees in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work outlined in the Billing Record attached as "Exhibit C" and their rates in this matter is as follows:

i. I, Ramsha Ansari have been a Litigation Associate at CSM Legal, P.C since January 2022. I am reflected in Exhibit C as "RA" and billed at a rate of $300 per hour. I graduated from Brooklyn Law School in 2020 and am admitted to the New York Bar, United States District Court Southern District of New York, and the United States District Court, Eastern District of New York. Prior to joining this firm, I worked as an associate at a firm's Labor and Employment Department representing plaintiffs in discrimination, sexual harassment, and wage and hour lawsuits.

ii. Work performed by paralegals ("PL") are billed at a rate of $125 per hour, well within a range of rates for paralegal work that courts have routinely approved "[H]ourly rates for paralegals to $100 to $150 per hour are typical for awards in this [d]istrict." *Diaz-Caballero v. Midtown Catch Corp.*, No. 18 Civ. 4672 (AT), 2020 WL 8880944, at *2 (S.D.N.Y. Apr. 15, 2020) (alterations in original) (citation omitted) (finding that the party labeled "PL" was a paralegal and holding that the requested hourly rate of $100 was reasonable; *see also Quic v. Uncle Mario's Brick Over Pizza LLC*, No. 20 Civ. 8712 (RA), 2021 WL 4710794, at *2 (S.D.N.Y. Oct. 7, 2021) (approving proposed hourly rate of $125 for individual with initials "PL" from same firm).

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully submitted,

**CSM LEGAL, P.C.**

By:  *Ramsha Ansari*
Ramsha Ansari, Esq.
60 East 42nd Street, Suite 4510
New York, NY 10165
212-317-1200
ramsha@csm-legal.com

Enclosures

CC: All Counsel (via ECF)